UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                         18-CR-68 (ALC)

           - against -

                                                     ORDER DENYING
                                                     COMPASSIONATE RELEASE

DASHAWN TURNER,

           Defendant.
------------------------------------------------------------X

**ANDREW L. CARTER, JR., United States District Judge:**

BACKGROUND

On May 18, 2018 Judge Pauley sentenced Mr. Turner to 52 months custody, related to his role in attempting to rob a confidential informant in the midst of a deal to purchase firearms. At the time Turner committed the offense, he was on parole.

On December 23, 2020, Turner made an administrative request for compassionate release to the BOP. On August 24, 2021, Turner—through counsel—filed this motion for compassionate release, seeking compassionate release based on his fear of contracting COVID 19 due to his medical conditions, childhood trauma and other factors. Turner was offered the COVID 19 vaccine, but he refused to take it.

The government responded on September 1, 2021; Turner submitted a reply on September 3.

The government opposes Turner's compassionate release motion, claiming that he hasn't demonstrated extraordinary and compelling reasons, and that the factors listed in 18 U.S.C. § 3553(a) counsel against release.

## DISCUSSION

A)   LEGAL STANDARDS

A defendant may make a motion for compassionate release to a district court only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582.(c)(1)(A)(i).

If the defendant has exhausted all administrative rights, "A court may reduce the term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553 (a) to the extent they are applicable, if it finds that extraordinary and compelling circumstances warrant such a reduction... " 18 U.S.C. § 3582.(c)(1)(A).  Although 3582 also requires that any sentence reduction be consistent with applicable policy statements issued by the Sentencing Commision, the Second Circuit has held that "district courts have discretion to consider the full slate of extraordinary and compelling reasons that an imprisoned person may bring before [the court] in motions for compassionate release" and that "neither Application Note 1(D), nor anything else in

the now-outdated version of Guideline § 1B1,13, limits the district court's discretion." *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020).

      B)      ANALYSIS

Since there is no dispute that Turner exhausted administrative remedies with the BOP, I will turn to the merits of Turner's motion.

His medical conditions, coupled with the threat of contracting COVID-19, do not establish extraordinary and compelling reasons. Turner has refused to accept a vaccine offered at the facility. The facility has offered a vaccine that would provide protection against him developing serious symptoms from contracting COVID 19. His refusal "to take the vaccine belies not only his fear of developing serious complications from COVID 19, but also his concern that the facility cannot protect his health as it relates to COVID 19." *United States v. Ordonez,* No. 13 Cr, 811 (ALC), Doc. No. 765 at 3, (S.D.N.Y Mar. 8, 2021).

His other reasons for seeking compassionate release, including childhood trauma, do not establish extraordinary and compelling reasons. Specifically, Judge Pauley adequately considered Turner's childhood trauma, sentencing him to a below guidelines sentence.

Even if he had established extraordinary and compelling reasons, the factors listed in 18 U.S.C. § 3553(a) counsel against release.

The crime he committed involved attempting to rob a suspected gun dealer. He committed this crime while he was on parole for an assault. While in prison, he has earned several violent disciplinary infractions, including two assaults and two separate incidents of possessing weapons. The need to deter criminal conduct and protect the community from further crimes of the defendant still exists.

The motion is denied.

**SO ORDERED.**

**Dated: January 12, 2022**
**New York, New York**

    **/s/ Andrew L. Carter, Jr.**
**ANDREW L. CARTER, JR.**
**United States District Judge**